IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY R. PHELAN**  **PLAINTIFF**
**ADC #172113**

v.  No. 4:25-cv-00494-LPR-PSH

**DEXTER PAYNE,** *et al.*  **DEFENDANTS**

### PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jerry R. Phelan filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 19, 2025, while incarcerated at the Barbara Ester Unit of the Arkansas Division of Correction (ADC) (Doc. No. 2). The Court granted Phelan *in forma pauperis* status (Doc. No. 4). The Court has screened Phelan's complaint and finds that he does not describe facts sufficient to state a claim upon which relief may be

granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II.  Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.  Phelan sues ADC Director Dexter Payne, Chief Deputy Director Marshall Dale Reed, and Warden DeAngelo Earl.  Doc. No. 2 at 1-2.  He alleges that he slipped and fell on wet concrete on February 25, 2025, due to the warden's "willful negligence" in maintaining prison barracks.  *Id.* at 4-6.  Phelan alleges there are numerous water leaks in the prison but "no mops, fans, or floor signs, etc."  *Id.*

Phelan's claims fail as a matter of law because they sound in negligence, which is not actionable under § 1983.  *See Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim under both the Eighth Amendment and the Fourteenth Amendment applicable to pre-trial detainees); *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999) (affirming dismissal of inmates slip and fall claim, which amounted to no more than negligence); *see also Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (holding that "prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law," and "the existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional

standards"); *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) ("Simply put, '[a] 'slip and fall,' without more, does not amount to cruel and unusual punishment.... Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.' ") (citation omitted); *Jorsch v. Faulkner Cnty. Det. Ctr.*, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537251, at *2 (E.D. Ark. Feb. 1, 2021), *report and recommendation adopted*, Case No. 4:21-CV-00065-BRW-JJV, 2021 WL 537235 (E.D. Ark. Feb. 12, 2021) (dismissing claim that plaintiff "slipped and fell because there were no wet floor signs," for failure to state a plausible § 1983 claim, because it alleged, "at most, . . . a state law cause of action for negligence").  This case should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

It is therefore recommended that:

1. Phelan's claims be dismissed without prejudice.

2. It be recommended that dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of June, 2025.

_____
UNITED STATES MAGISTRATE JUDGE